THE STATE *v.* ABNER PHELPS, Clerk of the City Court of Lafayette.

Under the 18th section of the act of 28 March, 1813, a Clerk may require of an appellant security for the costs of making a transcript of the record ; and, if not furnished, he may refuse to prepare it. The surety given in the appeal bond is not enough. The bond is conditional, and should the appellant succeed, the surety would be discharged. The Clerk has a right to require that the security be absolute, and that the solvency of the surety shall appear to his reasonable satisfaction. But he exercises his judgment at his peril.

RULE to show cause why a mandamus should not be issued to Phelps, Clerk of the City Court of Lafayette.

*Wills*, for the application.

*Phelps, pro se.*

MARTIN, J. A rule was issued against the defendant, Clerk of the City Court of Lafayette, to show cause why he should not be ordered to make out the record in the case *Joel Thompson* vs. *William Ayres*, and deliver the same to the applicant, the appellant in that case. The Clerk showed for cause, that the applicant is a non-resident of the State ; that he has no apparent means of discharging debts ; that he had been cast in the suit ; and was informed that the respondent was authorized by law to, and did require security for the costs of making the transcript, under an act of the Legislature ; Bullard & Curry's Digest, 444, sect. 18. That it is true the applicant had given an appeal bond, but that the surety therein is notoriously insolvent. The surety not

having been given, the respondent did not think himself bound to make the transcript.

It has been contended, that an appeal bond having been given, the Clerk had therein sufficient security. It is clear, that this bond did not suffice ; for the appellant, the principal in the bond, might have succeeded in the appeal, and the surety would thereby have been discharged, the bond being conditional. The Clerk has a right to require that the security be absolute, and the solvency of the surety appear to his reasonable satisfaction. He exercises his judgment thereon at his peril. Nothing shows that he had the opportunity to exercise his judgment on the solvency of the surety on the appeal bond. We cannot, therefore, be precluded by that document.

*Rule discharged.*